**METROPOLITAN LIFE INSURANCE CO., Plaintiff-Appellee,**

v.

**Gary P. KASE, Defendant-Appellant.**

**No. 82–4409.**

United States Court of Appeals, Ninth Circuit.

Nov. 18, 1983.

On Petition for Rehearing

Before STEWART,* Retired Associate Justice, DUNIWAY, Senior Circuit Judge, and ALARCON, Circuit Judge.

In its petition for a rehearing, Metropolitan argues that we overlooked the case of *Union Pacific Railroad Company v. Zimmer,* 1948, 87 Cal.App.2d 524, 197 P.2d 363. Counsel cited it in their brief but we thought it not in point. It is one of a number of cases in which an injured party settles and gives a release, in the belief that his injury is not serious, and later finds that the injury is quite serious. In *Zimmer,* the court affirmed a judgment permitting the injured party to rescind the settlement on the ground of mistake.

We do not find such cases as *Zimmer* helpful. There are differences between the way that the law treats insurers and the way that it treats their insured. Thus courts do not necessarily apply the same rationale when an insured seeks to set aside a settlement with his insurer on the ground of a mistake as to the seriousness of his injury as they should apply when an insurer seeks to set aside a payment to its insured on the ground of a mistake. A major difference is that the policy language is that of the insurer, and is construed against it. Here, the insurer used the word "irrecoverable" in its policy, and the question is, what meaning should be given to that term. "Irrecoverability" is predictive and inherently problematic, and if an insurer chooses to use it in a policy to define an

---

* The Honorable Potter Stewart, Retired Associate Justice, United States Supreme Court, sitting by designation.

insurable injury, without a provision dealing with an error in prediction, it must bear the risk.

Rehearing denied. The mandate will issue forthwith.